**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Estrada and Carman Estrada, husband and wife; and Othon Luna and Estella Luna, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>City of San Luis, an Arizona municipal corporation; Rural/Metro Fire Department Inc., an Arizona corporation; CT Corporate System, an Arizona corporation; Rural/Metro Protection Services, Inc., an Arizona corporation; Rural Metro (Delaware) Corporation (FN), a Delaware corporation; and Rafael Torres and Jane Doe Torres, in their personal capacities,<br><br>　　　　　Defendants. | No. CV-07-1071-PHX-DGC<br><br>**ORDER** |

On November 15, 2007, the Court issued an order granting Defendants' motions to dismiss. Dkt. #54. Plaintiffs have filed a motion to amend that order. Dkt. #57. The Court will deny the motion.

**A.	Background.**

Plaintiffs Frank Estrada and Othon Luna worked for the City of San Luis fire department. Estrada was a Battalion Chief and Luna was the Fire Chief. Plaintiffs were terminated in 2006.

Plaintiffs commenced this action by filing a complaint against Rural/Metro Fire

Department Inc., Rural/Metro Protection Services, Inc. and Rural Metro (Delaware) Corporation (FN) (collectively, "Rural/Metro"), the City of San Luis ("City"), Rafael and Jane Doe Torres, and CT Corporate System. Dkt. #1. Plaintiffs' amended complaint asserts seventeen claims: wrongful termination, retaliation, negligence per se, intentional interference with contract, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, invasion of privacy, defamation, negligent supervision and retention, false light invasion of privacy, violation of federal civil rights, violation of state civil rights, violation of A.R.S. § 38-431, breach of contract, punitive damages under federal law, punitive damages under state law, and loss of consortium.

In its November 15, 2007 order, the Court dismissed all claims asserted against Rural Metro based on Noerr-Pennington immunity, dismissed the state law claims asserted against the City and the Torres's because Plaintiffs had failed to comply with Arizona's notice of claim statute, and dismissed CT Corporate System from this action because the amended complaint asserted no claim for relief against it. Dkt. #45.

Plaintiffs filed a notice of appeal and a motion to stay discovery pending appeal. Dkt. ##48, 52. The Court denied the motion to stay because it appeared that Plaintiffs' attempted interlocutory appeal was premature since final judgment had not been entered with respect to the dismissed claims. Dkt. #54.

**B.     Discussion.**

Plaintiffs request that the November 15, 2007 order be amended to make it a final appealable order under Rule 54(b) of the Federal Rules of Civil Procedure. Dkt. #57. Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for dely and upon an express direction for the entry of judgment. Plaintiffs assert that there is no just reason for delay of a final judgment. Dkt. #57. But Plaintiffs present no argument in support of this assertion.

"'Judgments under Rule 54(b) must be reserved for the unusual case in which the

costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). Plaintiffs have not demonstrated a pressing need for the entry of partial final judgment under Rule 54(b). Nor have Plaintiffs shown that the entry of partial final judgment is "'necessary to avoid a harsh and unjust result[.]" *Id.* The Court will deny Plaintiffs' motion. *See Lindsay v. Beneficial Reinsurance Co.*, 59 F.3d 942, 951 (9th Cir. 1995) (holding that the bankruptcy court erred in entering partial final judgment under Rule 54(b) and stating: "The dangers of profligate Rule 54(b) determinations have materialized in this case. We and the parties have been burdened with the time and expense of five appeals, and 334 pages of briefs, in significant part because of the routine 54(b) determinations issued for interlocutory rulings.").

**IT IS ORDERED** that Plaintiffs' motion to amend November 15, 2007 order nunc pro tunc (Dkt. #57) is **denied**.

DATED this 16th day of January, 2008.

_____
David G. Campbell
United States District Judge