**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Estrada and Carman Estrada, husband and wife; and Othon Luna and Estella Luna, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>City of San Luis, an Arizona municipal corporation; and Rafael Torres and Jane Doe Torres, in their personal capacity,<br><br>Defendants. | No. CV-07-1071-PHX-DGC<br><br>**ORDER** |

On November 15, 2007, the Court issued an order granting Defendants' motions to dismiss. Dkt. #45; *see* Dkt. ##19, 22. On April 22, 2008, the Court held a conference call with the parties concerning which claims remain in this case. Dkt. #69. The parties have briefed the issue (Dkt. ##76, 79-81), and Plaintiffs have filed a motion for leave to file a second amended complaint and a motion to amend the scheduling order ("motion to amend") (Dkt. #77). The Court concludes that the only claims remaining in this case are a federal employment discrimination claim and a request for punitive damages under federal law. The Court will deny the motion to amend.

**I.    Background.**

Plaintiffs Frank Estrada and Othon Luna worked for the City of San Luis fire department. Estrada was a Battalion Chief and Luna was the Fire Chief. Plaintiffs were terminated in 2006.

1    Plaintiffs commenced this action by filing a complaint against Rural/Metro
2 Corporation, CT Corporate System, the City of San Luis, and Rafael Torres. Dkt. #1.
3 Plaintiffs' amended complaint asserts seventeen claims – a federal civil rights claim and
4 request for punitive damages (Counts 11 and 15) and fifteen state law claims (Counts 1-10,
5 12-14, and 16-17). Dkt. #6, ¶¶ 32-86.
6    In its November 15, 2007 order, the Court dismissed all claims asserted against
7 Rural/Metro based on Noerr-Pennington immunity, dismissed CT Corporate System from
8 this action because the complaint asserted no claim for relief against it, and dismissed all
9 state law claims asserted against the City and Torres based on Plaintiffs' failure to comply
10 with Arizona's notice of claim statute, A.R.S. § 12-821.01. Dkt. #45.

11 **II.    Discussion.**

12    **A.    The Remaining Claims.**

13    The City and Torres argued in their motion to dismiss that "[a]ll of Plaintiffs' state law
14 claims are barred because [Plaintiffs] failed to file a notice of claim that complies with A.R.S.
15 § 12-821.01." Dkt. #22 at 1. The Court agreed, and therefore dismissed the state law claims.
16 Dkt. #45 at 6-9.

17    Plaintiffs contend that state law claims still exist against Torres in his personal
18 capacity because the complaint alleges retaliatory actions by Torres before he was elected
19 to the City Council and the notice of claim statute does not apply to claims against private
20 actors. Dkt. #76 at 2-3. But Plaintiffs did not make this argument in response to Torres'
21 motion to dismiss. *See* Dkt. #43. Nor did Plaintiffs seek reconsideration of the dismissal
22 order on this ground. *See* LRCiv 7.2(g).

23    Moreover, the specific allegations of the complaint belie Plaintiffs' argument. The
24 complaint alleges that Torres was elected to the City Council in May 2006 and that
25 "*[a]ll adverse actions* against Plaintiffs Estrada and Luna *began after* the newly elected City
26 Council members took office, including Defendant Rafael Torres." Dkt. #6, ¶¶ 25-26
27 (emphasis added). These allegations are "common to all claims" asserted by Plaintiffs.
28 *Id.* at 4.

- 2 -

1  In support of their argument that the complaint states claims against Torres in his
2  personal capacity, Plaintiffs assert that the complaint alleges that Torres "vowed to terminate
3  Plaintiffs if elected to City Council." Dkt. #76 at 3. But Plaintiffs provide no citation to this
4  purported allegation. *See id.* The plain language of the complaint shows that the state law
5  claims are based on actions Torres took in his official capacity as a City Council member.
6  The fact that the caption of the complaint identifies Torres in his "personal capacity" does
7  not change this conclusion. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)
8  ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more
9  than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief
10 above the speculative level[.]") (quotation marks and brackets omitted). All state law claims
11 asserted against Torres are based on his official acts as a City Council member. *See* Dkt. #6,
12 ¶¶ 25-26. The claims are therefore barred by Plaintiffs' failure to comply with A.R.S. §
13 12-821.01. *See* Dkt. #45.

14 Count eleven of the complaint asserts a federal civil rights claim against the City and
15 Torres. Dkt. #6, ¶¶ 63-65. Count fifteen requests punitive damages under federal law. *Id.*
16 ¶¶ 77-80. Defendants contend that these claims fail as a matter of law to the extent they are
17 asserted against Torres because he was not Plaintiffs' employer and Plaintiffs cannot sue
18 under § 1983 for relief not available under Title VII. Dkt. #79 at 5. But Defendants did not
19 make this argument in their motion to dismiss. *See* Dkt. #22. Nor have Defendants sought
20 summary judgment on counts eleven and fifteen.

21 Defendants further contend that the only claims remaining in this lawsuit are Title VII
22 national origin and ADEA age discrimination claims. Dkt. #79 at 5. Plaintiffs disagree,
23 stating that the basis for the instant action is retaliation and that retaliation "permeates" every
24 count of the complaint. Dkt. #80 at 2. But count eleven does not allege retaliation. Rather,
25 it alleges that Plaintiffs are Hispanic and that "Defendants targeted Plaintiffs for termination
26 *based on their age and ethnicity*" in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 2000e.
27 Dkt. #6, ¶ 64 (emphasis added). The Court concludes that count eleven asserts a federal
28 employment discrimination claim, not a retaliation claim.

1    This conclusion is consistent with the position taken by Plaintiffs in the parties' joint
2 case management report. Plaintiffs stated in the report that the Court had "dismissed all but
3 Plaintiffs' federal 28 U.S.C. § 1983 claim against Defendants City and Torres." Dkt. #49,
4 ¶ 3. Plaintiffs further stated that with respect to this remaining claim, "Plaintiffs intend to
5 prove that the City administration terminated them because they are Mexican American and
6 are more than forty years old." *Id.*
7    In summary, the Court concludes that all state law claims are barred. The Court
8 further concludes that the only claims remaining in this case are the federal employment
9 discrimination claim asserted in count eleven and the request for punitive damages in count
10 fifteen.

11  **B.    Plaintiffs' Motion to Amend.**

12   The Case Management Order filed on January 3, 2008, contains the following
13 paragraph:

> 2.    <u>Deadline for Joining Parties and Amending Pleadings</u>.  The deadline for joining parties and amending pleadings is **60 days** from the date of this Order.

16 Dkt. #58, ¶ 2 (emphasis in original). The deadline for filing motions to amend was therefore
17 March 3, 2008. Plaintiffs' motion was filed on May 6, 2008, more than two months late.
18 Dkt. #77.

19   Plaintiffs' motion to amend was filed after the deadline set by the Court pursuant to
20 Rule 16 of the Federal Rules of Civil Procedure. A deadline established under Rule 16 "shall
21 not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson*
22 *v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order
23 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed.
24 R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite the
25 diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes
26 (1983 Am.).

27   Plaintiff's counsel, Robert Cook, claims that the deadline for amending the complaint
28 could not be met despite diligent efforts. Dkt. #77 at 6. Mr. Cook notes that on January 1,

1 2008, Plaintiffs' former counsel and other attorneys and staff members resigned from his law firm. Dkt. #77 at 6. Mr. Cook states that "amending the complaint was not even an issue until [he] studied the file, completed numerous conferences with Plaintiffs, had discussions with others having knowledge about this matter, researched the applicable law and was requested by [Defendants'] counsel to clarify the [complaint]." *Id.* He further states that the proposed second amended complaint "is a complete revision of the former complaint, asserting new claims, against new parties, all in the context of retaliation." *Id.*; *see* Dkt. #78.

But Mr. Cook acknowledges that Plaintiffs' initial disclosure "clarif[ied] that the basis for this action is retaliatory discharge and that state law claims continue to exist against Torres." Dkt. #77 at 6. The disclosure was served on January 18, 2008 – six weeks before the deadline for amending pleadings. *See* Dkt. #60. Given the Court's prior order dismissing all state law claims against Torres, Plaintiffs – through the exercise of reasonable diligence – should have sought to amend the complaint or have the Court clarify that state law claims do in fact continue to exist against Torres.

This is particularly true in light of the discussion between the Court and the parties at the scheduling conference held on December 19, 2007. *See* Dkt. #46. Contrary to the position taken by Plaintiffs in the joint case management report, Plaintiffs' former counsel asserted at the conference that state law claims continue to exist against Torres in his personal capacity because neither Defendants' motion to dismiss nor the Court's dismissal order addressed the state law claims asserted against Torres. The Court specifically stated that if the parties were unable to agree on which claims remain in the case, they were to promptly contact the Court to get the issue resolved. The Court further stated that any motions to amend would need be filed within 60 days so that they do not delay the resolution of the case. Despite these explicit instructions, Plaintiffs did not seek to amend the complaint until two months after the deadline for doing so had passed.

The Court concludes that Plaintiffs had ample opportunity to seek leave to file the proposed second amended complaint prior to the deadline of March 3, 2008. This action was commenced on May 29, 2007. Dkt. #1. An amended complaint was filed on June 29, 2007.

Dkt. #6. Defendants filed a motion to dismiss on August 30, 2007 (Dkt. #22), which was granted on November 15, 2007 (Dkt. #45). Plaintiffs then had more than three months to amend the complaint.

Because Plaintiffs have not demonstrated good cause to amend the Rule 16 Case Management Order, the Court will deny the untimely motion for leave to file a second amended complaint. Given this ruling, the Court need not address Plaintiffs' argument that leave to amend should be granted under Rules 15 and 21. *See* Dkt. #77 at 3-5.

**IT IS ORDERED:**

1. The only claims remaining in this case are the federal employment discrimination claim asserted in count eleven and the request for punitive damages in count fifteen (*see* Dkt. #6, ¶¶ 63-65, 77-80).

2. Plaintiffs' motion to amend (Dkt. #77) is **denied**.

DATED this 15th day of May, 2008.

_____
David G. Campbell
United States District Judge